# IN THE SUPREME COURT OF IOWA

No. 110 / 04-2026

Filed April 6, 2007

**KIRK M. SMITH,**

Appellee,

vs.

**IOWA BOARD OF MEDICAL EXAMINERS,**

Appellant.

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.

The Iowa Board of Medical Examiners appeals a district court decision ordering it to cease dissemination of the Board's denial of a physician's license. **AFFIRMED.**

Thomas J. Miller, Attorney General, and Theresa O'Connell Weeg, Assistant Attorney General, for appellant.

Michael M. Sellers of Sellers Law Office, West Des Moines, for appellee.

Michael A. Giudicessi of Faegre & Benson L.L.P., Des Moines, for amicus curiae Iowa Freedom of Information Council.

Rebecca A. Brommel and Catherine C. Cownie, of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, for amicus curiae Iowa Dental Association.

**WIGGINS, Justice.**

The Iowa Board of Medical Examiners appeals from a district court decision ordering the Board to cease dissemination of its denial of a physician's license. On appeal the Board argues the district court should not have heard this case because the physician failed to timely file his petition for judicial review. The Board further argues if the petition was timely filed, the denial of the physician's license was a public record that the Board was entitled to disseminate. On appeal we find if the Board disseminated the denial of the physician's license as alleged by the physician, the dissemination is other agency action. Therefore, we agree with that part of the district court decision finding the physician timely filed his petition for judicial review. We also affirm the district court decision ordering the Board to cease any dissemination of the denial of the physician's license because the Board failed to provide an adequate appellate record for our review.

## I. Background Facts and Proceedings.

Dr. Kirk M. Smith graduated from the University of Iowa College of Medicine in 1999. After graduation the University of Missouri at Kansas City, Truman Medical Center accepted him into its two-year family practice residency program. Due to some problems he experienced in the program, the University of Missouri allowed Smith to take a medical leave of absence for a psychiatric disorder. After treatment for his disorder Smith was ready to return to his residency program. However, the University of Missouri determined it would be better if Smith transferred to another residency program for his second year.

Smith applied to the University of Iowa's family practice residency program for his second year of residency. The University of Iowa accepted

him into the program. In preparing to enter the program Smith applied to the Board for an Iowa resident physician license to practice medicine and surgery.

On November 16, 2001, the Board denied Smith's application. Smith timely appealed the denial. The Board held a hearing on the appeal. On April 26, 2002, the Board granted Smith his resident physician license subject to restrictions. In the decision granting his license the Board denied Smith's request that the Board rescind its notice to the National Practitioner's Data Bank (NPDB) reflecting the November 16, 2001, denial of his resident physician license application. Instead the Board indicated, "[a]n entry will be added to the Data Bank which explains that the license application was granted following an appeal hearing." The parties did not make the transcript of the appeal hearing available to the district court or to this court. We have no record before our court showing how Smith raised the NPDB entry issue at the appeal hearing, what evidence the parties introduced regarding the NPDB entry, or how each party argued the propriety of the NPDB entry.

After the Board issued its decision to grant Smith a restricted resident physician license the attorney general's office filed an application for rehearing. The parties did not provide the application for rehearing to the district court or to this court. The Board denied the application for rehearing without any explanation as to the issues raised or the reasons for its denial. Accordingly, we have no record of the matters raised by the attorney general's office in its application for rehearing.

On July 29, 2002, Smith filed a request for partial rescission of his license denial with the Board. The request for partial rescission contained no mention of any dissemination of the license denial. On October 8 the

Board denied Smith's request for rescission. Three days later Smith filed a demand for rescission of his license denial with the Board. Smith amended this demand for rescission of his license denial. Among other things, Smith claimed the Board's notification of his resident physician license denial to the NPDB was untimely because the Board released the information after the denial, but prior to the running of the thirty-day appeal period. *See* Iowa Admin. Code r. 653—12.32(2)(*b*)(2) (1999) (stating a party may appeal a proposed decision "within thirty days after service of the proposed decision on the appealing party").[1]

On November 19 the Board denied Smith's demand to rescind all entries sent by the Board to the NPDB. The Board affirmatively stated:

> Upon review of the records in this matter it was determined that to date, the Board has made no reports to the NPDB in this matter. At the time of the denial of licensure in this matter, the NPDB did not accept reports of denial of original licensure. The Board did file a report as required with the Federation of State Medical Boards (FSMB) on February 19, 2002, more than ninety days after [Smith]'s November 16, 2001, Appeal and Request for Hearing in this matter.

On December 18 Smith sought judicial review of the Board's November 19 denial of his amended demand for rescission. He later amended his request for judicial review. In this amended request Smith petitioned the district court to review: (1) the Board's denial of his resident physician license application; (2) the Board's subsequent denials of his applications for rescission; and (3) the Board's failure to refer his case to the Iowa Physician's Health Program.

---

[1]On July 19, 2006, the Board rescinded 653 Iowa Administrative Code chapter 12 and replaced it with 653 Iowa Administrative Code chapters 22-26. 29 Iowa Admin. Bull. 114-15 (July 19, 2006). The thirty-day appeal period applicable to a person in Smith's position is now located in rule 653—25.30. *See* Iowa Admin. Code r. 653—25.30 (2006) (stating "[a]n applicant may appeal a preliminary notice of denial of license by filing a written notice of appeal and request for hearing with the board within 30 days of the date that the preliminary notice of denial of license was mailed by the board").

The Board filed a motion to dismiss. The district court granted the Board's motion in part, dismissing Smith's request for the court to review the denial of his resident physician license application. The district court overruled the Board's motion to dismiss the remainder of the issues. The Board moved to amend the district court's ruling. The district court revised its ruling and in addition to dismissing Smith's request for review of the denial of his license application, it dismissed Smith's request for review of the Board's failure to refer his case to the Iowa Physician's Health Program. Thus, only Smith's request to review the Board's denials of his applications for rescission was subject to judicial review.

The district court held a hearing on the matter on October 29, 2004. A court reporter reported the proceedings. The parties did not make a transcript of the proceedings a part of this appellate record. The district court ruling states the court considered the parties' written arguments in deciding this case. However, the parties did not make the written arguments a part of the district court or appellate court record.

In its ruling on the petition for judicial review the district court framed the issue before it as whether the Board should stop publishing the November 16, 2001, denial of Smith's license. In its ruling the district court stated Smith's arguments as follows:

> [Smith] is requesting that [the Board] be estopped from continuing to disseminate its pre-hearing determination as though it were a final finding or ruling. [Smith] has requested that [the Board] be ordered to retract or rescind all its notices to the State Federation of State Medical Boards and to all hospitals, medical boards and insurance companies or data banks for insurance or health facilities or any other entity that has received the original denial. [Smith] requests that the Court require that [the Board] report to the Court every entity that has received the original denial and certify[ ] to the Court and [Smith] that every entity has been affirmatively notified that the denial has been withdrawn. [Smith] claims that the protection of the Court is needed because counsel for the State

has stated in open court [the] intent of the State and [the Board] is to advise all future inquirers about [the Board]'s original position.

The district court stated the Board's arguments as follows:

[The Board] argues that the original Notice of Denial was a public record under Iowa Code § 22.1 (2003), that states that all information in the State's possession is a public record unless exempt under Iowa Code § 22.7 or designated by another statute as confidential. In addition, [the Board] argues that [Smith]'s request for rescission is impractical and of no effect because [the Board]'s final decision contains all the information in the original notice of denial. [The Board] concedes that the original Notice of Denial was not a final decision.

The district court found the denial of Smith's license on November 16, 2001, to be "pre-final decision material." Accordingly, it ruled under Iowa Administrative Code rule 653—12.32(2)(*c*) and Iowa Code section 272C.6(4) (2001) the Board was required to cease dissemination of any "pre-final decision material" involving Smith. The district court ruled it could not appropriately address the other remedies Smith requested in his action for judicial review.

## II. Issues.

The Board appeals raising two issues. First, the Board claims Smith failed to timely file his petition for judicial review; therefore, the district court should not have heard his petition. Second, the Board claims its November 16, 2001, denial of Smith's license was a public record; therefore, it could disseminate the denial.

## III. Analysis.

*A. Timeliness Issue.* The Iowa Administrative Procedure Act broadly classifies agency action as involving rulemaking, a contested case, or other agency action. *Sindlinger v. Iowa State Bd. of Regents*, 503 N.W.2d 387, 389 (Iowa 1993). Neither party contends the Board's action is rulemaking. To

decide the timeliness issue it is necessary for us to determine whether the Board's action is a contested case or other agency action. This is because the type of agency action controls when a party must file a petition for judicial review.

Smith filed his petition for judicial review more than thirty days after the denial of his request for partial rescission of his license denial. The Board claims the district court should not have heard Smith's petition for judicial review because the Board's action was a contested case proceeding. The Board relies on section 17A.19(3), which requires a party seeking judicial review from a contested case to file a petition for judicial review within thirty days after the agency denies an application for rehearing. Iowa Code § 17A.19(3).

Smith claims the Board disseminated the November 16, 2001, denial of his license and argues this dissemination, the only issue left on appeal, is other agency action. If the Board's action is other agency action, the Iowa Administrative Procedure Act allows Smith to file his petition for judicial review "at any time [he] is aggrieved or adversely affected by that action." *Id.*

The Code defines a contested case as a proceeding "in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." Iowa Code § 17A.2(5); *accord Brummer v. Iowa Dep't of Corr.*, 661 N.W.2d 167, 171-72 (Iowa 2003); *Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 833-35 (Iowa 2002); *Paulson v. Iowa Bd. of Med. Exam'rs*, 592 N.W.2d 677, 679 (Iowa 1999). Other agency action is action that is neither rulemaking nor a contested case. *Greenwood Manor*, 641 N.W.2d at 834. Accordingly, agency action taken without a hearing

required by a statute or constitution or action taken after a required hearing that does not rise to the level of an evidentiary hearing is other agency action. *Id.*

The narrow issue decided by the district court and presented to us on appeal is whether the Board should be able to disseminate the November 16, 2001, denial of Smith's license. The Board does not contend there is any statutory or constitutional provision requiring it to hold a hearing prior to the time Smith claims the Board disseminated the November 16, 2001, denial of his license. Accordingly, if the Board disseminated this denial as claimed by Smith, the alleged dissemination is other agency action and not a contested case. Therefore, the district court properly heard Smith's petition for judicial review on the question of whether the Board could disseminate its November 16, 2001, denial of his license.

*B. Dissemination.* The Board claims the district court erred when it ordered the Board to cease dissemination of its November 16, 2001, denial of Smith's license. The Board argues this denial of Smith's license was a public record that the Board was entitled to disseminate. On our review of the record, we find the record insufficient to decide this issue.

The appellate record does not include the transcript of the hearing before the Board regarding the license denial, the transcript of the hearing before the district court where the parties tried the issue of dissemination, or the briefs of the parties used by the district court to decide the dissemination issue. The Board could have made the transcripts and its brief a part of the appellate record. *See* Iowa R. App. P. 6.10(2) (requiring the appellant to order the transcript); Iowa R. Civ. P. 1.442(4) (stating that

briefs other than those in a summary judgment proceeding cannot be filed unless by order of the court).

The Board's combined certificate acknowledges it did not order the transcript. The Board only filed the first page of its brief in the district court. The Board did not request an order allowing it to file its entire brief. It was the Board's responsibility as appellant to provide this court with a sufficient record to decide this appeal. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) (holding "[i]t is the appellant's duty to provide a record on appeal" and "[t]he court may not speculate as to what took place or predicate error on such speculation").

A multitude of statutes controls the dissemination of this type of information. Iowa Code chapter 22 generally pertains to the public's right to examine public records. Iowa Code § 22.2(1), (2). Iowa Code chapter 272C covers the authority of licensing boards to license individuals and contains specific provisions regarding the disclosure of certain licensing information to other licensing bodies and law enforcement agencies. *Id.* § 272C.6(4). Iowa Administrative Code chapter 653 contains the Board's public records and fair information practices, adopted by the Board as instructed by Iowa Code section 22.11. These rules pertain to the disclosure of the Board's licensing records to the public. Iowa Admin. Code rs. 653—2.1-2.17. Congress has also established laws pertaining to the disclosure of licensing records by state boards of medical examiners. 42 U.S.C. § 11132.

The appellate record contains no information, other than what is contained in the district court's ruling, as to what, when, where, and to whom the Board may have disseminated or intended to disseminate the November 16, 2001, denial of Smith's license. The district court's recitation

of these matters in its ruling is not a substitute for the required appellate record.

The information as to what, when, where, and to whom the Board may have disseminated or intended to disseminate the November 16, 2001, denial of Smith's license is necessary in order for us to apply the various statutes to the multiple disclosures as alleged by Smith. Consequently, without knowing this critical information, we are unable to review the district court's determination on this issue. Therefore, we must affirm the decision of the district court. *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 4 (Iowa 2005) (stating where an appellant fails to provide a proper record on appeal the decision of the trial court will be affirmed where its judgment is not fundamentally erroneous on its face).

## IV. Disposition.

Because the alleged dissemination of Smith's November 16, 2001, license denial is other agency action, Smith timely filed his petition for judicial review. However, we will not reach the merits of the Board's appeal because it failed to provide us with a sufficient record to perform an appellate review of the district court decision. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except Streit and Appel, JJ., who take no part.