## IN THE COURT OF APPEALS OF IOWA

No. 16-1549
Filed June 7, 2017

**JAMES COPPOC,**
      Plaintiff-Appellant,

**vs.**

**BOARD OF REGENTS, STATE OF IOWA,**
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


      James Coppoc appeals the district court's ruling on judicial review.

**AFFIRMED.**



      James Coppoc, Ames, pro se appellant.

      Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor

General, and Tyler M. Smith (until withdrawal), Assistant Attorney General, for

appellee.


      Considered by Vogel, P.J., and Doyle and McDonald, JJ,

**DOYLE, Judge.**

James Coppoc appeals following judicial review of an administrative action concerning the rate of pay he was entitled to while on Family Medical Leave Act (FMLA) leave. Because this case involves "other agency action," Coppoc was not entitled to an evidentiary hearing before the Iowa Board of Regents, the agency in this case. Accordingly, we affirm.

### I. Background Facts and Proceedings.

Coppoc began teaching classes as a lecturer at Iowa State University (ISU) in 2004. Over the years, Coppoc signed letters of intent setting forth the annual base salary at which ISU would compensate him, the number of months he would work, and whether he would be compensated at full-time or part-time pay. If part-time, the letter provided what fraction of the base salary Coppoc would receive. If Coppoc agreed to teach additional courses, ISU increased Coppoc's salary based on the total number of courses he taught.

In 2011, ISU provided Coppoc with a letter of intent to employ him as a part-time employee at 3/4 the full-time rate from August 2011 until May 2016. Coppoc signed the letter. In July 2015, Coppoc requested to take FMLA leave for the 2015-16 school year. Because Coppoc had agreed to teach an extra class during the fall semester before taking FMLA leave, ISU determined it should pay Coppoc leave at 7/8 the full-time rate. Coppoc appealed this determination to the Iowa Board of Regents, arguing he should receive full-time pay based on his history of teaching enough extra courses to maintain a full-time course load. After the board's director determined Coppoc's appeal was discretionary and dismissed it, Coppoc filed a petition for judicial review claiming

he was entitled to a contested case hearing on appeal. The district court denied his petition. Coppoc appeals.

## II. Scope and Standard of Review.

Review of agency action is governed by the Iowa Administrative Procedures Act. *See* Iowa Code § 17A.19 (2016). On appeal from the district court's ruling on judicial review, we apply the standards of section 17A.19(10) to determine whether we reach the same result as the district court. *See Exceptional Persons, Inc. v. Iowa Dep't of Human Servs.*, 878 N.W.2d 247, 250 (Iowa 2016). If we reach the same conclusions as the district court, we affirm; if we do not, we may reverse. *See id.*

## III. Analysis.

Coppoc argues the district court erred in determining he was not entitled to a contested case hearing in front of the Iowa Board of Regents.[1] Agency action is action involving rulemaking, a contested case, or other agency action. *See* Iowa Code § 17A.2(2); *Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 826 (Iowa 2007). Rulemaking is "the process for adopting, amending, or repealing a rule." Iowa Code § 17A.2(12). A contested case is "a proceeding including but not restricted to ratemaking, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing."

---

[1] Coppoc claims the court failed to "make a separate and distinct ruling on each material issue on which the court's decision is based." *See* Iowa Code § 17A.19(9). If the district court failed to rule on an issue properly raised, a party must request a ruling by any means necessary in order to preserve error for appeal. *See Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 670-71 (Iowa 2005). Without such a ruling, we will not consider an issue on appeal. *See id.* at 671.

*Id.* § 17A.2(5). Agency action that is neither rulemaking nor a contested case falls under the category of "other agency action." *See Smith*, 729 N.W.2d at 826. In other words, if neither constitution nor statute requires the agency to hold an evidentiary hearing, it is other agency action. *Id.*

The district court determined Coppoc was not entitled to an evidentiary hearing on his claim for full-time pay. We concur. A public employee is entitled to procedural due process only when the employee has been deprived of a protected property or liberty interest. *See Simonson v. Iowa State Univ.*, 603 N.W.2d 557, 561 (Iowa 1999). In determining an employee's property interest in employment, we look to an existing rule or an understanding that stems from an independent source like state law or contractual rights. *See id.* at 562. Coppoc accepted employment from August 2011 until May 2016 at 3/4 the full-time rate. Although ISU increased this rate of pay to 7/8 the full-time rate based on Coppoc's agreement to teach an additional course in the fall, ISU had no obligation to offer Coppoc any additional courses beyond that. Therefore, the additional 1/8 rate of pay Coppoc claims he has lost is not a property right. Coppoc was not deprived of a property right and was, therefore, not entitled to an evidentiary hearing before the Iowa Board of Regents. Accordingly, we affirm.

**AFFIRMED.**