# IN THE COURT OF APPEALS OF IOWA

No. 17-1020
Filed March 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KOREY LINN CHRISTIAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Korey Christian appeals his guilty plea to possession of methamphetamine with intent to deliver, second offense, and the sentence imposed. **AFFIRMED.**

Shawn C. McCullough of The Law Office of Jeffrey L. Powell, PLC, Washington, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Christian was charged with second-offense possession of methamphetamine with intent to deliver and driving while barred. At a subsequent hearing, defense counsel advised the court a plea agreement had been reached under which Christian would plead guilty to the possession charge, receive a ten-year suspended term of imprisonment, and be placed on probation for two to five years in return for the State's dismissal of count two and additional charges in two other cases. During the ensuing plea colloquy, Christian advised the court he had enough time to discuss his decision to plead guilty with his attorney and he was satisfied with his legal representation. Christian pled guilty to the possession charge, waived his right to file a motion in arrest of judgment, and requested immediate sentencing. The district court sentenced Christian in accordance with the plea agreement.

Christian challenges his guilty plea on appeal. Having waived his right to file a motion in arrest of judgment, he has failed to preserved error. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, he raises his argument on appeal under an ineffective-assistance-of-counsel framework, claims of which are not subject to our traditional error-preservation rules. *State v. Fountain*, 786 N.W.2d 260, 262–63 (Iowa 2010); *see State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).

In his brief on appeal, Christian summarizes his ineffective-assistance-of-counsel claim as follows:

> Prior to his plea and sentencing, Christian had received an initial offer to plea to a five (5) year suspended sentence. Mr. Christian made it clear to his attorney that he wanted to accept this offer. The offer was subsequently withdrawn and Christian agreed to accept the new plea offer of a suspended ten (10) year sentence. At no point in the plea or sentencing proceedings did Christian's new attorney inform the court of the prior plea offer or that it had been withdrawn without adequate reason or cause.

Christian acknowledges he has an inadequate record to support his claims. Iowa Rule of Appellate Procedure 6.801 provides:

> Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal.

Our review of this matter is limited to the foregoing materials, and any other extraneous matters are to be disregarded. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994).

Lacking in the record is any evidence that Christian received any plea offer other than the one he ultimately pled guilty in accordance with. We decline to simply accept Christian's unsupported version of the events as stated in his appellate brief, as it is not a sufficient substitute for a trial record. *Cf. Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 827 (Iowa 2007) ("The district court's recitation of these matters in its ruling is not a substitute for the required appellate record."). It was Christian's responsibility as the appellant to make and provide this court with a sufficient record to decide this appeal, which he has failed to do. *Id.* at 827. We "may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005).

Absent a record to support Christian's version of the facts underlying his ineffective-assistance-of-counsel claim, we affirm his conviction and sentence. *See, e.g.*, *Estes v. Progressive Classic Ins. Co.*, 809 N.W.2d 111, 115–16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment."); *Smith*, 729 N.W.2d at 828 ("[W]e will not reach the merits of the . . . appeal because it failed to provide us with a sufficient record . . . ."); *In re Marriage of Ricklefs*, 726 N.W.2d 359, 362 (Iowa 2007) ("[T]he lack of record . . . precludes us and should have precluded the court of appeals from deciding the issue."); *F.W.S.*, 698 N.W.2d at 134 ("[W]e must affirm . . . because F.W.S. has failed to present a proper record on appeal."). Because the record is inadequate on appeal to resolve Christian's ineffective-assistance-of-counsel claim, we preserve that claim for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 196–98 (Iowa 2010).

**AFFIRMED.**