# IN THE COURT OF APPEALS OF IOWA

No. 17-1234
Filed March 7, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JOSEPH RAY BROOKS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County.

Joseph Brooks challenges his conviction of a simple misdemeanor traffic violation. **AFFIRMED.**

Joel C. Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

On June 21, 2017, Joseph Brooks was stopped by a motor vehicle enforcement officer and cited for a gross-weight violation under Iowa Code section 321.463(10)(B) (2017), a simple misdemeanor. Brooks concedes he "received a copy of the citation." The citation provided: "Court Date: If you must appear in court or if you choose to appear to answer to a charge which does not require an appearance, report to the above named court on: 07/06/2017 at 1:00 PM." The citation indicated that it did not require attendance. A lower portion of the citation allowed for Brooks to sign the citation to enter a plea of not guilty and to acknowledge certain information, including notification that his signature on the citation amounted to an agreement that his failure to appear in person or by counsel to defend against the offense charged could result in conviction and judgment. Brooks did not sign the citation. Brooks did not appear for his court date, and a conviction and judgment were entered administratively by the clerk of court. Brooks applied for discretionary review, which the supreme court granted. *See* Iowa Code § 814.6(2)(d); Iowa R. App. P. 6.106.

On discretionary review, Brooks challenges his conviction. He contends (1) the citing officer conducted an unlawful search of his motor vehicle, which resulted in the citation that was issued, and (2) he was denied due process when he was convicted without a hearing.

As an initial matter, this case is plagued with procedural and error-preservation problems. Brooks's unlawful-search argument was neither raised in, nor decided by, the district court. This deficiency ordinarily precludes appellate review of a particular claim. *See Meier v. Senecaut*, 641 N.W.2d 532,

537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Brooks never appeared personally or otherwise in the district court. The only record of proceedings at the district court is the citation and docket sheet.[1] Specifically, no factual record was developed in the district court as to the traffic stop. It was Brooks's responsibility to make and provide this court with a sufficient record to decide this appeal, which he has failed to do. *See Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 827 (Iowa 2007). We "may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). We also decline to simply accept Brooks's self-serving version of the events as stated in his application for discretionary review and appellate brief, as it is not a sufficient substitute for a trial record. *Cf. Smith*, 729 N.W.2d at 827 ("The district court's recitation of these matters in its ruling is not a substitute for the required appellate record.").

---

[1] Iowa Rule of Appellate Procedure 6.801 provides:

> Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal.

Our review of this matter is limited to the foregoing materials, and any other extraneous matters are to be disregarded. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994). The record with which we have been provided is limited to the traffic citation, Brooks's application for discretionary review, the supreme court's order granting discretionary review, and other common appellate filings. The appendix in this case, however, includes additional materials not present in the trial court record. The appendix is, for obvious reasons, only supposed to include materials from the district court record. *See generally* Iowa R. App. P. 6.905(2)(b). The record on appeal is limited to the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries. Iowa R. App. P. 6.801. Despite the State's recognition of the inclusion of these additional materials, it seems to argue our consideration of the additional materials makes no difference because those items would not render the record sufficient for us to dispose of the claim.

Absent a record to support Brooks's claim the search of his motor vehicle was unlawful, we affirm his conviction. *See, e.g.*, *Estes v. Progressive Classic Ins. Co.*, 809 N.W.2d 111, 115–16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment."); *Smith*, 729 N.W.2d at 828 ("[W]e will not reach the merits of the . . . appeal because it failed to provide us with a sufficient record . . . ."); *In re Marriage of Ricklefs*, 726 N.W.2d 359, 362 (Iowa 2007) ("[T]he lack of record . . . precludes us and should have precluded the court of appeals from deciding the issue."); *F.W.S.*, 698 N.W.2d at 134 ("[W]e must affirm . . . because F.W.S. has failed to present a proper record on appeal.").

As to the due process claim, Brooks's overarching complaint is that he was not provided with "notice of and opportunity to attend a hearing 'at a meaningful time and in a meaningful manner.'" He cites Iowa Code section 321.485(2) to support his argument that the absence of his signature on the citation negates any notice he was given. That section, however, merely provides the signing of the citation "shall constitute a written promise to appear as stated in the citation." Iowa Code § 321.485(2). The statute does *not* say the absence of such a signature amounts to insufficient notice of a hearing. *See id.* Although Brooks did not sign the citation, he admits he received a copy. He does not allege that he did not read the citation or was otherwise unaware of his court date as indicated therein. The citation expressly notified Brooks he could "appear in person or by counsel to defend against the offense charged" and advised him of the date, time, and location of his court date. "The central elements of due process are notice and an opportunity to defend." *Silva v. Emp't*

*Appeal Bd.* 547 N.W.2d 232, 234–35 (Iowa Ct. App. 1996); *accord Hron v. Ryan*, 164 N.W.2d 815, 819 (Iowa 1969) ("The essentials of due process are satisfied if the notice is one which is reasonably calculated to come to defendant's attention and to give him an opportunity to defend the action, if he desires to do so."). We find due process to be satisfied in this case and affirm.

**AFFIRMED.**