# IN THE COURT OF APPEALS OF IOWA

No. 17-0871
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NORRIS WINDELL MCFARLAND JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L.
Stigler, Judge.


        Norris McFarland appeals his convictions, following guilty pleas, to two drug
charges.  **AFFIRMED.**


        Taryn R. McCarthy of Clemens, Walters, Conlon, Runder & Hiatt, L.L.P.,
Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee.


        Considered by Danilson, C.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MULLINS, Judge.**

Norris McFarland appeals his convictions, following guilty pleas, to one count of possession of a controlled substance and one count of possession of a controlled substance with intent to deliver. He first contends his pleas were involuntary because the district court failed to state on the record the source of its factual-basis determinations.[1] He additionally argues his pleas were involuntary because the district court accepted them without first ensuring he understood the terms of the plea agreement. Because McFarland waived his right to file a motion in arrest of judgment, he brings both claims under an ineffective-assistance-of-counsel framework. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017) ("[I]f the guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the rubric of ineffective assistance of counsel.").

We review ineffective-assistance-of-counsel claims de novo. *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2017). To succeed on his claims, McFarland

---

[1] We expressly note McFarland does not argue on appeal that his pleas were unsupported by factual bases; he only argues his pleas were rendered involuntary because the court failed to state on the record the source of its factual-basis determinations. *See State v. Finney*, 834 N.W.2d 46, 61–62 (Iowa 2013) (discussing the difference between a factual-basis challenge and a claim of due-process involuntariness); *see also Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("We have recognized at least two ways a defendant may attack his or her guilty plea. First, a defendant may attack his or her guilty plea on the ground the defendant did not receive effective assistance of counsel as required under the Sixth Amendment to the United States Constitution because there was no factual basis to support the defendant's guilty plea. Second, a defendant may show he or she did not make a knowing and intelligent waiver of a constitutional right when pleading, even if overwhelming evidence shows a factual basis exists.").

"must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). When challenging a guilty plea through a claim "of ineffective assistance of counsel, the defendant satisfies the prejudice prong if he or she can show 'there is a reasonable probability that, but for counsel's error he or she would not have pleaded guilty and would have insisted on going to trial.'" *Weitzel*, 905 N.W.2d at 402 (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)).

We first consider McFarland's claim that his counsel was ineffective in not recognizing the district court's failure to state on the record the source of its factual-basis determinations and therefore allowing McFarland to enter his pleas involuntarily and then waive his right to file a motion in arrest of judgment to challenge the plea. Due process requires that a guilty plea be entered voluntarily. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). In *Finney*, the supreme court considered whether the district court is required to identify the parts of the record that provide a factual basis for a guilty plea. 834 N.W.2d at 55. The court "reaffirm[ed] that under rule 2.8(2)(b), the district court is required to provide the factual basis supporting the plea on the record at the plea hearing" because a guilty plea is not voluntary "unless the defendant possesses an understanding of the law in relation to the facts." *Id.* (citations omitted). In this case, McFarland's guilty plea

was entered orally at a plea hearing. At the hearing, the court explained the nature of the charges and potential penalties. When questioned by the court "how do you plead" as to each of the charges, McFarland responded, "Guilty." The court accepted the pleas, concluding they were "freely, voluntarily, and intelligently made and there is a factual basis for each." However, McFarland made no admissions at the hearing concerning the charges, a presentence investigation report had yet to be prepared, and the court did not specify the source of its factual-basis determinations or otherwise elaborate what facts developed the necessary factual bases.

It is generally undisputed that the district court failed to properly identify the parts of the record that provided factual bases for McFarland's guilty pleas and defense counsel failed to point out this deficiency and thereafter allowed McFarland to waive his right to file a motion in arrest of judgment to challenge the plea. However, we find the record inadequate to decide whether McFarland was prejudiced by counsel's failures and repeat our position that the "circumstances underlying the defendant's willingness to go to trial are facts that should be permitted to be more fully developed" in a postconviction-relief proceeding. *State v. Delacy*, ___ N.W.2d ___, ___, 2017 WL 1735684, at *4 (Iowa Ct. App. 2017), *further review denied* (Jan. 16, 2018); *see also State v. Gaston*, No. 16-1957, 2017 WL 4317310, at *2 (Iowa Ct. App. Sept. 27, 2017), *further review denied* (Nov. 22, 2017); *State v. Iddings*, No. 15-1597, 2017 WL 246049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173, 2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017), *further review denied* (Jan. 16, 2018); *State v. Taylor*, No. 16-0762, 2017 WL 1735682, at *1–2 (Iowa Ct. App. May 3, 2017). The record is inadequate

for us to determine whether McFarland would have insisted on proceeding to trial had the district court identified the source of its factual-basis determinations or otherwise elaborated on the factual underpinnings supporting its acceptance of McFarland's pleas. We therefore preserve this claim for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 196–98 (Iowa 2010).

We next consider McFarland's claim that his counsel rendered ineffective assistance in allowing him to plead guilty without ensuring he was fully aware of the terms of the plea agreement and allowing him to waive his right to file a motion in arrest of judgment to challenge his pleas on the same ground. "If a plea agreement has been reached by the parties, the court shall require the disclosure of the agreement in open court at the time the plea is offered." Iowa R. Crim. P. 2.10(2). In this case, the plea agreement was not recited until after McFarland's guilty pleas were tendered and accepted. The agreement, which the court honored, provided McFarland would, among other things, serve consecutive terms of incarceration of one and five years on the two charges. On appeal, McFarland contends he "believed that pursuant to the terms of the plea agreement, . . . he and his counsel were going to request for a more lenient sentence, specifically a halfway house," and he "did not understand that he was bound by the terms of the plea agreement which consisted of prison time."

Our review is limited to the record, and any other extraneous matters are to be disregarded. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994). Lacking in the record is any evidence that McFarland had any understanding of the terms of the plea agreement different from the terms recited to the court. We decline to simply accept McFarland's understanding of the plea

agreement as stated in his appellate brief, as it is not a sufficient substitute for a trial record. *Cf. Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 827 (Iowa 2007) ("The district court's recitation of these matters in its ruling is not a substitute for the required appellate record."). Absent a record to support McFarland's stated understanding of the plea agreement underlying his claim of ineffective assistance of counsel, we affirm his convictions. Because the record is inadequate to resolve this ineffective-assistance-of-counsel claim, we preserve it for postconviction-relief proceedings. *See Johnson*, 784 N.W.2d at 196–98.

**AFFIRMED.**