# IN THE COURT OF APPEALS OF IOWA

No. 17-0390
Filed February 19, 2020

**GARY LEE ALEXANDER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple,

Judge.

Gary Alexander appeals the denial of his application for postconviction

relief. **AFFIRMED.**

Andrew Dunn of Parrish Kruidenier Dunn Boles Gribble Gentry Brown

& Bergmann L.L.P., Des Moines, for appellant.

Gary Alexander, Coralville, pro se.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Gary Alexander appeals the denial of his application for postconviction relief (PCR) following his conviction of one count of second-degree sexual abuse and two counts of third-degree sexual abuse. He challenges the district court's conclusion he is not entitled to relief upon his claim his trial counsel rendered ineffective assistance in: (1) not moving to suppress his statements to law enforcement on the grounds (a) he was not allowed his right to counsel under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution because he was "the accused" in a "criminal prosecution," (b) he was not allowed his right to counsel under the Fifth Amendment to the United States Constitution and article I, section 9 of the Iowa Constitution despite being subjected to a custodial interrogation and not being advised of his *Miranda* rights, and (c) his statements were involuntary as elicited with promises of leniency; (2) misinforming him concerning the consequences of his decision to testify at trial; (3) failing to object to allegedly improper vouching testimony regarding the victim's credibility at trial; and (4) "blunder[ing]" the trial information and jury instructions in relation to the dual counts of third-degree sexual abuse.[1] He also argues the

---

[1] Arguments one and three are raised by appellate counsel and pro se, argument two is forwarded solely by appellate counsel, and argument four is raised pro se.

While recently enacted legislation forecloses our ability to consider pro se documents, *see* 2019 Iowa Acts ch. 140, §§ 30(1), 35(1) (codified at Iowa Code §§ 814.6A(1), 822.3B(1) (2019)), we have concluded the legislation does not apply to pro se materials filed before its effective date, July 1, 2019. *See, e.g.*, *State v. Banks*, No. 18-1337, 2020 WL 110297, at *2 n.2 (Iowa Ct. App. Jan. 9, 2020); *Wright v. State*, No. 17-1904, 2020 WL 109559, at *3 n.5 (Iowa Ct. App. Jan. 9, 2020); *Campbell v. State*, No. 18-1052, 2020 WL 105086, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. Banks*, No. 18-0721, 2020 WL 105078, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. O'Connor*, No. 18-0376, 2020 WL 109509, at *3 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791,

cumulative effect of trial counsel's alleged errors resulted in prejudice. He finally argues PCR counsel rendered ineffective assistance "in failing to properly present the underlying claims of ineffective assistance of trial counsel."

Due to the lack of clarity as to whether the PCR court took judicial notice of the underlying criminal file, this court ordered a limited remand for the issuance of an order clarifying whether the court took judicial notice of the underlying criminal file in ruling on Alexander's PCR application. In its ensuing order, while the court "surmise[d] that the file was noticed to confirm the trial date, duration of trial, order regarding the juror's verdict, the dispositional order, and the appellate history of the case," the court "unequivocally state[d] that judicial notice was not taken of the trial transcript, the trial information, the jury instructions, [or] verdict forms." As such, those latter items are not part of our record on appeal.[2]  *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal.").

Despite not being part of the record in the district court, and therefore on appeal, the parties include several items not noticed by the district court in the

---

at *12 (Iowa Ct. App. Dec. 18, 2019); *Daniels v. State*, 18-0672, 2019 WL 6894225, at *1 n.2. (Iowa Ct. App. Dec. 18, 2019); *State v. Kehoe*, No. 18-0222, 2019 WL 6893771, at *1 n.1 (Iowa Ct. App. Dec. 18, 2019); *State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App. Nov. 6, 2019). We will consider Alexander's pro se brief.

[2] Effective July 1, 2019, the underlying trial record will automatically become part of the record in a PCR claim. 2019 Iowa Acts ch. 45, § 2 (codified at Iowa Code § 822.6A (2019)). The legislation was not in effect when this PCR case was decided by the district court and, thus, has no bearing on this case.

appendix and reference them heavily in their appellate briefs, namely the trial transcript, criminal complaints, trial information, portions of the minutes of evidence, verdict forms, and a search warrant application. Because they were not part of the district court record, their inclusion in the appendix and reference to them in briefs is not permitted. *See* Iowa R. App. P. 6.905(1)(b) (restricting contents of appendix to "parts of the district court record"). We thus do not consider them.

With the exception of his general claim of ineffectiveness of PCR counsel, all of Alexander's claims concern the effectiveness of trial counsel. On each claim, Alexander "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either will preclude relief. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

First, Alexander claims his trial counsel was ineffective in failing to move to suppress his statements to law enforcement on three grounds, noted above. Our record on appeal does include a video recording and transcript of the subject interview in which Alexander made incriminating statements. Said materials could arguably be considered sufficient to determine whether Alexander's constitutional rights were violated and counsel failed to perform an essential duty in not seeking suppression of his statements. However, absent the presence of the criminal file in our record on appeal, namely the trial transcript, we, similar to the district court, have no idea what went on at trial. As noted, Alexander carries the burden to

prove, by a preponderance of the evidence, that his counsel's alleged failure resulted in prejudice. *Strickland*, 466 U.S. at 687; *Lopez*, 907 N.W.2d at 116. That requires a showing that a reasonable probability exists that the result of the proceeding would have been different because our confidence in the outcome is undermined. *Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995).

As the appellant, it was Alexander's "duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). Such a record was not even provided to the district court. Without the benefit of a full record of the criminal prosecution against Alexander, it would be improvident for us to assess trial counsel's effectiveness in the criminal proceedings. *See id.* at 135–36. Having disavowed the materials improperly included in the appendix and appellate briefs, we also decline to accept the parties' statements on appeal and below as to what went on in the criminal proceeding, as well as the district court's statements as to what it understood occurred in the criminal proceeding, as they are not a sufficient substitute for a full trial record. *Cf. Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 828 (Iowa 2007) (stating the "recitation" of what occurred in a lower proceeding "is not a substitute for the required appellate record").

On the record made in the district court, the court simply concluded Alexander had "not presented enough evidence to show, by a preponderance of the evidence, that the results would not have been different at trial." As to Alexander's claim counsel was ineffective in failing to move for suppression of his statements to law enforcement, upon the record now before us, we have no choice but to agree.

We turn to the claim that counsel was ineffective in misinforming Alexander about his decision to testify. Our record does include limited information on this point. At the PCR hearing, Alexander testified his trial counsel advised him to not testify. Alexander further testified he ignored his attorney's advice. Trial counsel confirmed the same in his deposition testimony and added he explained the hazards of testifying on his own behalf, but Alexander took the position earlier in the proceedings that he would be testifying "no matter what." Upon this limited information, we conclude counsel did not breach an essential duty, nor did prejudice result.

As to the ineffective-assistance claim that counsel failed to object to improper vouching testimony, we are likewise without a proper record to assess whether such vouching occurred or prejudice resulted. As to the claim counsel was ineffective in "blunder[ing]" the trial information and jury instructions in relation to the dual counts of third-degree sexual abuse," neither the trial information nor jury instructions are part of our record on appeal and, we are similarly unable to affirmatively conclude counsel breached an essential duty or prejudice resulted. Nor are we are we able to reach a conclusion the cumulative effect of counsel's alleged errors resulted in prejudice. As to the effectiveness of PCR counsel without the benefit of the underlying criminal file, we are unable to address the claim that counsel rendered ineffective assistance "in failing to properly present the underlying claims of ineffective assistance of trial counsel."

Upon the record made below, we have no choice but to affirm the denial of Alexander's PCR application.

**AFFIRMED.**