# IN THE COURT OF APPEALS OF IOWA

No. 20-0274
Filed January 21, 2021

**TIMOTHY WEAKLEY,**
    Plaintiff-Appellant,

**vs.**

**KEVIN YETMAR,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

Judge.

Timothy Weakley appeals following the dismissal of his civil petition at law.

**AFFIRMED.**

Timothy Weakley, Johnson City, Tennessee, self-represented appellant.

William H. Habhab, Fort Dodge, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

Timothy Weakley appeals following trial on, and dismissal of, his civil petition at law alleging Kevin Yetmar violated the real-estate-disclosure requirements contained in Iowa Code chapter 558A (2019) and engaged in fraudulent misrepresentation. He generally argues the court erred in concluding Yetmar's disclosure was timely tendered and accurate. He also claims the court erred in "failing to reach whether [Yetmar's] violation of [chapter] 558A was also a violation of the parties' purchase agreement which entitles [Weakley] to recover his down payment pursuant to the terms of the agreement."

Absent from the record on appeal are the transcripts from trial and hearings on motions for summary judgment.[1] As the appellant, it was Weakley's duty to provide us with a record adequate for us to decide the appeal. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). While some facts can be determined from the exhibit evidence, without the trial transcript, we are without a full picture and are unable to adequately determine the facts underlying Weakley's claims. While the court's ruling contains its factual determinations, "[t]he district court's recitation of these matters in its ruling is not a substitute for the required appellate record." *Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 828 (Iowa 2007). It would be improvident for us to speculate on what the evidence and testimony[2] at trial showed or did not show, and we decline to do so. *F.W.S.*, 698 N.W.2d at 135–36. And we do not afford Weakley a deferential standard due to his status as a self-

---

[1] In his initial combined certificate, Weakley stated "[t]he entirety of the trial transcript" is ordered. *See* Iowa Rs. App. P. 6.803(1), .804(2). He filed an amended combined certificate requesting the transcript not be ordered.

[2] The district court's ruling makes clear testimony was received at trial.

represented litigant. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995). We have no choice but to affirm the dismissal of Weakley's petition.

**AFFIRMED.**