698 N.W.2d 134 (2005)
In the Matter of F.W.S. Alleged to be Seriously Mentally Impaired, F.W.S., Appellant.
No. 04-0929.
Supreme Court of Iowa.
April 29, 2005.
Rehearing Denied May 31, 2005.
Michael J. Tulis of Iowa Legal Aid, Council Bluffs, for appellant.
Matthew Wilber, County Attorney, for appellee Pottawattamie County.
WIGGINS, Justice.
On appeal F.W.S. asks us to determine whether clear and convincing evidence supports the lower court's conclusion that F.W.S. is seriously mentally impaired within the meaning of Iowa Code section 229.1(15) (2003), and whether F.W.S. was denied his right to due process and statutory protections at the commitment hearings. Based on the lack of a record from the lower courts, we are unable to decide F.W.S.'s appeal.
F.W.S. is a forty-four-year-old male who has a history of paranoid schizophrenia. He resided in his own apartment, which is part of a complex federally subsidized for the elderly and disabled. After receiving complaints from other tenants of the apartment complex, F.W.S.'s mother filed an application for involuntary commitment alleging serious mental impairment against F.W.S.
On April 27, 2004, a district associate judge approved the application and ordered *135 that F.W.S. be taken into immediate custody and detained at a hospital in Council Bluffs until a hearing could be held on the application pursuant to Iowa Code section 229.11(2). A magistrate held the hearing on April 29. The magistrate did not make an electronic recording or other verbatim record of the proceedings. On that same day, the magistrate issued his order finding clear and convincing evidence existed to support the contention F.W.S. was seriously mentally impaired as defined by Iowa Code section 229.1(15). The magistrate ordered immediate inpatient treatment.
F.W.S. appealed the magistrate's order to the district court. On May 10, after a hearing, which the district court did not have recorded or reported, the district court affirmed the magistrate's order but modified the commitment from an inpatient commitment to an outpatient commitment, ordering F.W.S. to receive intramuscular injections of psychotropic drugs on a bi-weekly basis.
On June 9, F.W.S. filed a notice of appeal from the district court's May 10 decision and "from every adverse order, decision, and ruling of the ... court made during the pendency of this case." On June 11, F.W.S.'s attorney filed his combined certificate indicating, "the proceedings in Pottawattamie County District Court were not recorded by a court reporter or other electronic means. [He] will prepare a statement of the evidence or proceedings pursuant to Iowa Rule of Appellate Procedure 6.10[(3)]." Rule 6.10(3) provides:
If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be filed with the clerk of the district court and served on appellee within 20 days after the filing of the notice of appeal. Appellee may file with the clerk of the district court and serve on appellant objections or proposed amendments to the statement within 10 days after service of appellant's statement. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included in the record on appeal.
Iowa R.App. P. 6.10(3).
F.W.S.'s attorney filed a request asking this court to enlarge the time to file a statement of evidence or proceedings. We granted the extension giving F.W.S.'s attorney until July 19 to file his statement of evidence or proceedings with the district court. F.W.S.'s attorney timely filed the statement with the district court. The county attorney did not file an objection or proposed amendment to the statement. Neither party submitted the proposed statement to the lower courts for settlement and approval. Instead, F.W.S.'s attorney proceeded with the appeal and included the unapproved statement as the record in this action.
The rules of appellate procedure require that if the "appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Iowa R.App. P. 6.10(2)(c). It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon. State v. Ludwig, 305 N.W.2d 511, 513 (Iowa 1981). The court may not speculate as to what took place or predicate error on such speculation.
Without the benefit of a full record of the lower courts' proceedings, it is improvident *136 for us to exercise appellate review. Meier v. Senecaut, 641 N.W.2d 532, 537 (Iowa 2002). Rule 6.10(3) allows an appellant the chance to have a record on appeal when the lower court does not report or record the proceedings. F.W.S.'s failure to comply with rule 6.10(3) precludes him from seeking relief on appeal. In re T.V., 563 N.W.2d 612, 614 (Iowa 1997). Therefore, we must affirm the decision of the district court because F.W.S. has failed to present a proper record on appeal.[1]
It is unfortunate we have to decline to decide this appeal, especially when a person's liberty is at stake. See Ludwig, 305 N.W.2d at 513 (holding defendant's failure to provide the court with the record on appeal affirmatively disclosing the error relied on precluded the court from reviewing defendant's claim that sentence of imprisonment was imposed in retaliation for defendant's refusal to plead guilty); State v. Mudra, 532 N.W.2d 765, 767 (Iowa 1995) (holding defendant waived alleged error in sentencing proceeding by voluntarily failing to make a record of the district court proceeding). In the future, we remind the lower courts that the rules for involuntary hospitalization of mentally ill persons require "an electronic recording or other verbatim record of the hearing ... shall be made" by the lower court. Iowa Ct. R. 12.20. The judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] At oral arguments, the county attorney attempted to stipulate that the unapproved statement contained in the appendix was an accurate record of the proceedings below. The rules of appellate procedure do not allow us to recognize such a stipulation. Rule 6.10(3) requires any unrecorded or unreported record must be settled and approved by the lower courts. Iowa R.App. P. 6.10(3). Such approval is not merely ministerial, but provides the lower court an opportunity to ensure the accuracy of the statement.