**IN THE COURT OF APPEALS OF IOWA**

No. 16-1004
Filed March 8, 2017


IN RE THE MARRIAGE OF JESSE BRYAN HELGELAND
AND AMY ELIZABETH HELGELAND

Upon the Petition of
JESSE BRYAN HELGELAND,
        Petitioner-Appellant,

And Concerning
AMY ELIZABETH HELGELAND, n/k/a AMY ELIZABETH MOYER,
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Cerro Gordo County, Colleen D.

Weiland, Judge.



        Jesse Helgeland appeals the district court's modification of the decree

dissolving his marriage to Amy Moyer.  **AFFIRMED.**



        Jesse Bryan Helgeland, Rockford, appellant pro se.

        Amy Moyer, Pequot Lakes, Minnesota, appellee pro se.



        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Jesse Helgeland and Amy Helgeland (now known as Moyer) divorced in 2008. Two children were born of the marriage, and the parties agreed and the district court approved that Jesse would have physical custody of the children.

In 2016, Amy filed a petition for modification of the decree, asserting there had been a substantial change in circumstances warranting modification of the children's physical placement from Jesse to her. Among other things, Amy stated she no longer resided in Iowa. Amy believed physical placement in her care was in their children's best interests.

Following a trial on the petition, the district court concluded Amy established there had been a substantial change in circumstances necessitating modification of the custodial provisions to place the children in Amy's physical care. The court explained:

> First, [Amy's] move necessitates a modification of visitation terms at minimum. Additionally, the living conditions at Jesse's home and the children's mental and emotional well-being have deteriorated since the most recent custodial order. I ascribe no malice or ill-intent to Jesse, but I believe he is overwhelmed with handling work, housework, and the needs of the children and himself. In any event, while stability is generally in a child's well-being, the circumstances here lead me to conclude that a change to Amy's household will maximize these children's best interests in the long run.

Jesse appeals the court's ruling, pro se, alleging the court's ruling was "outside of the rule of law and for reasons of retribution." He contends that because the district court ruled against him, the court's decision was punitive in nature. Jesse also claims the children "were flourishing in [his] care." However, the record Jesse provided does not support his allegations.

The rules of appellate procedure require that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Iowa R. App. P. 6.803. "It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon," and we will "not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005); *see also In re Marriage of Ricklefs*, 726 N.W.2d 359, 362 (Iowa 2007). The few pages of the modification-trial transcript he provided in his appendix do not support his claims. Because Jesse has failed to present a proper record on appeal, we affirm the decision of the district court. *See F.W.S.*, 698 N.W.2d at 136 ("Therefore, we must affirm the decision of the district court because F.W.S. has failed to present a proper record on appeal.").

**AFFIRMED.**