# IN THE COURT OF APPEALS OF IOWA

No. 17-1301
Filed November 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH OSBORNE ARY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.

        The defendant challenges his three convictions for delivery of a controlled

substance (crack cocaine).  **AFFIRMED.**

        Thomas Hurd of Glazebrook, Greenberg & Hurd, LLP, Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Kevin R. Cmelik, Israel J. Kodiaga,

and Kelli Huser (until withdrawal), Assistant Attorneys General, for appellee.

        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Kenneth Ary appeals his three convictions for delivery of a controlled substance (crack cocaine). He maintains the district court erred on remand when it denied his second motion for new trial. Additionally, he argues the judge on remand, who was the same judge that presided over his trial, should have granted his motion to recuse.

**I. Background Facts and Proceedings.**

In 2013, Ary was charged by trial information with three counts delivery of a controlled substance (crack cocaine).

Following a multiple-day jury trial in June 2014, Ary was found guilty of each of the three charges. Ary stipulated to his status both as second or subsequent offender and an habitual offender. Applying the corresponding enhancements, the district court sentenced him to three consecutive twenty-one year sentences.

Ary filed a direct appeal of his conviction, in which he challenged, among other things, the district court's denial of his motion for mistrial based upon inflammatory comments by a prospective juror during voir dire. A panel of our court determined Ary's constitutional right to an impartial jury was violated, reversed Ary's convictions, and remanded for a new trial. *See State v. Ary*, No. 14-1112, 2015 WL 4935612, at *9–10 (Iowa Ct. App. Aug. 19, 2015).

Our supreme court granted the State's application for further review and ruled that Ary had not been deprived of an impartial jury. *See State v. Ary*, 877 N.W.2d 686, 691 (Iowa 2016). However, the supreme court determined the district court applied the wrong standard in considering Ary's motion for new trial and remanded to the district court to "apply the weight-of-the-evidence standard to rule

on the motion for new trial on the ground the verdicts were contrary to the weight of the evidence." *Id.* at 707.

On remand, before the district court considered Ary's motion for new trial, Ary filed a motion urging the judge on remand, who was the same judge who presided over the trial, to recuse himself. The district court denied the motion to recuse and ultimately denied the motion for new trial.

Ary appeals.

## II. Discussion.

Ary maintains the district court should have granted his motion for new trial because the weight of the evidence was contrary to the verdict. Additionally, he challenges the district court's denial of his motion to recuse.

### 1. Weight of the Evidence.

Ary maintains the district court abused its discretion in denying his motion for new trial based on the weight of the evidence. Ary claims the district court's ruling should be reversed because it "failed to identify any grounds for its decision" and "did not make findings as to the issues Mr. Ary raised in support of his motion for new trial." Alternatively, Ary also claims the district court's ruling should be reversed because the weight of the evidence does not support the jury's verdicts.

In *State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008), our supreme court was asked to review the district court's denial of the defendant's motion for new trial based on the weight of the evidence. In denying the motion in *Maxwell*, the district court stated in its entirety, "On February 2, 2006, the Defendant by and through his Counsel has brought before the Court a Motion for Judgment of Acquittal and Motion for New Trial. The Court after reviewing the file hereby

DENIES the Defendant's Motion for Judgment of Acquittal and Motion for New Trial." 743 N.W.2d at 192. The defendant argued the district court had erred in its ruling by failing to state adequate reasons on the record for a reviewing court to ascertain the court's reason for denying the motion. *Id.* Our supreme court reiterated that "[w]hen making a ruling on a motion for new trial, the trial court should state the reasons for its ruling." *Id.* However, the supreme court did not find that the failure to do so was reversible error. *Id.* Rather, the supreme court determined it could review the district court's ruling, as

> the issue of whether the verdict was contrary to the weight of the evidence was the only issue the court needed to decide to determine whether [the defendant] was entitled to a new trial. In denying [the defendant's] motion, the district court must have found the jury's guilty verdict was not contrary to the weight of the evidence.

*Id.* at 193. Here, the district court distilled Ary's arguments against the weight of the evidence before reciting approximately four pages of facts that could be found from the evidence submitted at trial. Only after the lengthy recounting, the district court ruled:

> When the court reviews all of the evidence presented to the jury including the discrepancies or inconsistencies that Ary highlights and the factors bearing on the witnesses' credibility, the court finds that the greater weight of the evidence supports the verdicts of guilty rendered by the jury versus Ary's argument . . . . Consequently, the court must deny Ary's motion for new trial.

The court's ruling here contains more details about the evidence than the district court's ruling in *Maxwell*; even if it had not, the holding in *Maxwell* demonstrates that a court's failure to state specific findings as to the weight of the evidence and credibility is not automatically a reversible error.

Next, we consider Ary's alternative argument that the district court abused its discretion in denying his motion for new trial because the weight of the evidence is contrary to the jury's verdicts. We "review the record to determine whether a proper basis exists to affirm the district court's denial of [the defendant's] motion for new trial." *Id.* "In doing so, we review the trial court's ruling for an abuse of discretion." *Id.*; *see also State v. Neiderbach*, 837 N.W.2d 180, 211–12 (Iowa 2013) (citing *United States v. Ashworth*, 836 F.2d 260, 260 (6th Cir. 1988) for the proposition that appellate court neither sits to judge credibility of witnesses nor to reweigh the evidence; rather appellate court is limited to examining evidence produced at trial to determine whether the district court's determination that the evidence does or does not preponderate heavily against the verdict is a clear and manifest abuse of discretion).

Ary maintains the district court abused its discretion when it denied his motion for new trial; he asserts the weight of the evidence does not support his three convictions for delivery of crack cocaine because (1) the confidential informant was not credible, (2) there was not adequate testimony offered about the search of the confidential informant's vehicle before and after the controlled buys, (3) officers who watched the controlled buys did not see the actual trade of drugs for money, and (4) none of the money used in the controlled buys was found in Ary's home when the search warrant was executed.

Ary is not incorrect that the testimony of the confidential informant (CI) and the testimony of police officers differed as to how much the CI was paid for his assistance. There was also some discrepancy in the testimony of the CI and the officers regarding where the CI was sitting or standing during the time he was

searched by officers and during the time his vehicle was searched—before and after the controlled buys took place. However, this does not convince us the district court abused its discretion in denying Ary's motion for new trial. The CI's testimony about the controlled buys generally matched the testimony of the officers who surveilled the controlled buys on September 5, September 11, and October 4. The CI's person and vehicle were searched before each buy. The CI then met with Ary at Ary's home—although one buy was moved by Ary at the last minute and ultimately took place approximately one block from his home—while officers observed the Ary meet and the CI, Ary extend his hand into the CI's vehicle, and then leave. According to at least one officer's testimony, Ary's extension of his hand and arm into the CI's vehicle is "consistent with hand-to-hand, street-level sale of crack cocaine."

Ary claims that the crack cocaine the CI turned over to officers after each controlled buy could have already been in his car, as the officer who conducted the search of the vehicle before two of the controlled buys did not testify. But both the CI and the other officer who was present before the controlled buys testified the vehicle was searched. And officers followed the CI to and from the buys; there was no testimony at trial regarding moves taken by the CI that could be understood as him retrieving drugs from hiding spots in his vehicle.

Moreover, when officers executed a search warrant of Ary's home on October 7, a number of the items found and recovered corroborate his selling of drugs, including a working digital scale, which appeared to have crack cocaine residue on it; a large number of "cut, torn, knotted baggies, which is the leftover portion of when you package your controlled substance, namely crack cocaine"—

both near the digital scale and elsewhere in the home; and four separate bundles of cash: $1323 in Ary's pocket, $400 in the bedroom closet, $1068 in a safe in the bedroom, and $7000 taped to the back of the nightstand drawer in the bedroom. Although none of the money recovered from the home matched the serial numbers of cash given to the CI to use in the controlled buys, two of the buys had taken place about one month earlier. And an officer testified, "We know that in the illegal narcotics business, the same bills and the same money can change hands multiple times in a very quick time."

"In deciding whether to grant a new trial on [the weight-of-the-evidence ground], the trial court has wide discretion, but must exercise the discretion to grant a new trial 'carefully and sparingly.'" *State v. Taylor*, 689 N.W.2d 116, 134 (Iowa 2004) (citation omitted). We cannot say the district court abused its discretion here in denying Ary's motion for new trial.

**2. Motion to Recuse.**

In October 2016, Ary filed a pro se motion asking the judge to recuse himself. In support of his request, Ary claimed that the judge, who had used the incorrect standard when deciding Ary's first motion for new trial, "would be more focused on the same standards he used in error than the standards that should have been used." Additionally, Ary stated, "I also strongly feel that there would be a severe 'conflict of interest' with [the same judge] rehearing my case because of previous errors incurred [sic]."

Following a combined hearing on a number of motions, including the motion to recuse, the district court denied Ary's motion. In its written order, the court did

not provide a reason for denying it, stating only, "The court stated on the record its reasons for denying the motion to recuse."

It is unclear if the hearing on the motion was reported. The court's statement in the order in combination with defense counsel's motion—filed only eight days later—asking for the transcript of the hearing to be completed at the State's expense leads us to believe it was. However, our record does not contain any filing from a court reporter who reported the hearing, and no transcript of the proceeding was ever admitted into the record.

Ary asks us to find the district court abused its discretion when it denied his motion to recuse. *See State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) (providing the standard of review for a judge's recusal decision is for an abuse of discretion). But nothing in the record before us allows us to review the court's decision. And Ary bears the burden to provide us with the necessary record. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) ("It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon."). Whether the hearing was reported does not affect Ary's burden. *See* Iowa R. App. P. 6.806(1) (allowing for the preparation of a "statement of the proceedings . . . to create a record of a hearing or trial for which a transcript is unavailable" if it is necessary to complete the record on appeal).

Because we "may not speculate as to what took place or predicate error on such speculation," we must affirm the decision of the district court regarding Ary's motion to recuse. *F.W.S.*, 698 N .W.2d at 135, 136.

**III. Conclusion.**

The district court issued a sufficiently detailed order denying the motion for new trial and did not abuse its discretion in denying Ary's motion for new trial based on the weight of the evidence. Because we do not have the proper record before us, we are unable to review Ary's challenge the district court's denial of his motion to recuse. We affirm.

**AFFIRMED.**