# IN THE COURT OF APPEALS OF IOWA

No. 18-0320
Filed December 19, 2018

IN THE MATTER OF C.T.,
Alleged to Be Seriously Mentally Impaired,

C.T.,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Ty Rogers, District Associate Judge.

C.T. appeals from a judgment finding him in need of involuntary civil commitment. **AFFIRMED.**

Trent A. Henkelvig of Henkelvig Law, Danville, for appellant.

Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

This is the third appeal involving the civil commitment of C.T. In the first, this court concluded "the State . . . established by clear and convincing evidence" that C.T. was "seriously mentally impaired and in need of involuntary committal." *In re C.I.T.*, No. 14-0760, 2015 WL 576172, at *2 (Iowa Ct. App. Feb. 11, 2015). In the second, we affirmed his continued involuntary hospitalization. *In re C.I.T.*, No. 16-0278, 2016 WL 4036244, at *1 (Iowa Ct. App. July 27, 2016).

Now, C.T. appeals a February 2, 2018 order confirming a prior order for outpatient mental health treatment pursuant to Iowa Code section 229.14A (2018). The court found C.T. (1) "is suffering from a serious mental illness"; (2) "lacks the judgment to make responsible decisions regarding his treatment"; (3) "is treatable and would benefit from treatment"; (4) "is likely to physically injure himself or others if not forced to receive mental health treatment"; (5) "is likely to inflict severe emotional injury on those that cannot avoid contact with him if not forced to receive mental health treatment"; and (6) "is in need of outpatient mental health treatment."

C.T. concedes "the hearing [preceding issuance of the order] was unrecorded and the only record we have of the hearing would come from the order issued on February 2, 2018." Despite the absence of a recording or transcript, he asks us to find insufficient "evidence . . . to show [he] was a present threat to his safety or the safety of others." The State counters that "the appeal should be dismissed for lack of a record."

In *In re F.W.S.*, 698 N.W.2d 134, 136 (Iowa 2005), the Iowa Supreme Court declined to consider the merits of an appeal from a civil commitment order. After noting that the district court failed to record or report the hearing, the court

concluded, "Without the benefit of a full record of the lower courts' proceedings, it is improvident for us to exercise appellate review." *F.W.S.*, 698 N.W.2d at 135–36. The court cited our rules of appellate procedure, which required the appellant to "include in the record a transcript of all evidence relevant to such finding or conclusion." *Id.* at 135 (citing Iowa R. App. P. 6.10(2)(c)).

Although the cited rule number no longer exists, the contents have been incorporated into another rule, which states, "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to such finding or conclusion." Iowa R. App. P. 6.803(1); *see also* Iowa Ct. R. 12.20 ("An electronic recording or other verbatim record of the hearing provided in Iowa Code section 229.12 shall be made and retained for three years or until the respondent has been discharged from involuntary custody for 90 days, whichever is longer.").

The cited rules and *In re F.W.S.* are controlling. 698 N.W.2d at 136. Because we have no recording or transcript of the hearing, we "must affirm the decision of the district court."[1] *Id.*

**AFFIRMED.**

---

[1] In *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014), the Iowa Supreme Court overruled prior opinions addressing the absence of a sentencing record where a defendant waives reporting of a sentencing hearing. The court overruled "the criminal cases . . . holding the defendant waives his or her right to appeal a particular sentence when the defendant waives reporting of the sentencing and the court fails to put reasons for the sentence in the written sentencing order." 856 N.W.2d at 921. The court further held "if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing." *Id.* *Thompson* was based on a criminal rule requiring a district court to identify reasons for its sentence. *Id.* The opinion is inapposite in the civil commitment context. In that context, *In re F.W.S.* is controlling. 698 N.W.2d at 136.