# IN THE COURT OF APPEALS OF IOWA

No. 19-0127
Filed February 19, 2020

**IN THE MATTER OF D.N.,**
**Alleged to Be Seriously Mentally Impaired,**

**D.N.,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

D.N. appeals from a finding of serious mental impairment. **AFFIRMED.**

Laura A. Eilers of Peglow, O'Hare & See, P.L.C., Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Special Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

D.N. appeals from the order finding him seriously mentally impaired. He challenges the sufficiency of the evidence and claims his due process rights were violated because he was not afforded an opportunity to testify or present evidence. However, there is scant evidence in the record for us to review.

In *In re F.W.S.*, 698 N.W.2d 134, 135–36 (Iowa 2005), our supreme court did not address the merits of an appeal from a civil commitment order and affirmed the district court because the record available was insufficient for appellate review. In *In re C.T.*, No. 18-0320, 2018 WL 6706242, at *1 (Iowa Ct. App. Dec. 19, 2018), the appellant challenged the sufficiency of the evidence supporting his continued commitment, but there was no transcript of the hearing. Concluding *F.W.S.* was controlling, this court declined to address the merits of the appeal and affirmed. *C.T.*, 2018 WL 6706242, at *1.

In this instance, the civil commitment hearing was not recorded; and the parties did not prepare, nor did the court approve, a statement of the evidence or proceedings to allow for our review. *See* Iowa R. App. P. 6.806 (providing a mechanism for parties to provide a statement of the proceedings when a transcript is unavailable, which is then approved by the court). While the court later filed an order titled "Trial Testimony" providing a summary of witness testimony,[1] it does not comply with the procedure outlined in Iowa Rule of Appellate Procedure 6.806.[2]

---

[1] The order does not indicate whether D.N. was present, if he was advised of his right to testify, or if he expressed an affirmative desire to testify or not testify.

[2] Moreover, Iowa Court Rule 12.20 provides a mechanism for creating a record. It states, "An electronic recording or other verbatim record of the hearing provided in Iowa Code section 229.12 [(2018)] shall be made and retained for three years or until the respondent has been discharged from involuntary custody for 90 days,

The record is insufficient for our review of D.N.'s two claims, one of which specifically challenges the particulars of the commitment hearing. In accordance with *F.S.W.* and *C.T.*, we affirm the lower court. *See* 698 N.W.2d at 135–36; 2018 WL 6706242, at *1.

**AFFIRMED.**

---

whichever is longer." Iowa Ct. R. 12.20. But no electronic record or verbatim record was provided to us for review.