**IN THE COURT OF APPEALS OF IOWA**

No. 19-1494
Filed March 4, 2020

**IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF DIANE FLORENCE NORELIUS,**

**JULIANN ELIZABETH NELSON and KRISTINE BETH NORELIUS,**
　　Appellants.
_____

　　Appeal from the Iowa District Court for Crawford County, James S. Heckerman, Judge.

　　Appellants appeal an award of guardianship fees.  **AFFIRMED.**

　　Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellants.

　　Dean A. Fankhauser of Fankhauser, Farrens & Rachel, PLC, Sioux City, for appellee.

　　Considered by Bower, C.J., and Tabor and Mullins, JJ.  Schumacher, J., takes no part.

**MULLINS, Judge.**

Following highly contested litigation, Marcia Losh was appointed as the ward's guardian in May 2018. In June 2019, Losh filed a request for an award of fees. She stated she spent twenty hours working toward obtaining a guardianship prior to being appointed guardian and at least 171.75 hours on guardianship administration matters after her appointment. She requested fees at a rate of $40 per hour, amounting to a total of $7670, to be paid by the ward's conservatorship. The court entered an order approving the request and ordering the conservatorship to pay the amount requested. The appellants, Juliann Nelson and Kristine Norelius, daughters of the ward in interest, filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), requesting the court to vacate its order pending its receipt of an itemization of Losh's services and set the matter for hearing. The court entered an order directing Losh to supply an itemization and setting the matter for hearing. Losh supplied her itemization, to which the appellants resisted. Following an unreported hearing in July, the court confirmed its fee award, concluding the fees were reasonable. This appeal followed.

On appeal, the appellants challenge the fee award as erroneous.[1] First, the appellants argue Losh failed to meet her burden to show the fees—both the time spent and the rate requested—were reasonable. But, because the hearing on the fee award went unreported, we have no way of knowing what evidence Losh

---

[1] Losh argues the appellants do not have standing to challenge the fee award. We have no record of that argument being either raised in or decided by the district court. We therefore do not consider the argument. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

presented to show her fees and the rate were reasonable. As the challengers on appeal, it was the appellants' "duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). And it would be improvident of us to speculate on what occurred at the hearing, and we decline to do so. *See id.* at 135–36. The parties' indications as to what occurred at the hearing are insufficient to fill the void. *Cf. Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 828 (Iowa 2007) (stating the "recitation" of what occurred in a lower proceeding "is not a substitute for the required appellate record").

Next the appellants argue Losh was not entitled to fees incurred before she was appointed guardian. Iowa Code section 633.673 (2019) provides, in relevant part, the following: "The ward or the ward's estate shall be charged with the court costs of a ward's guardianship, including the guardian's fees and the fees of the attorney for the guardian." Whether Losh was entitled to fees before she was appointed guardian is a question of statutory interpretation, which we review for legal error. *Banilla Games, Inc. v. Iowa Dep't of Inspections & Appeals*, 919 N.W.2d 6, 14 (Iowa 2018). The plain and unambiguous language of the statute entitles Losh to "court costs of [the] guardianship." Iowa Code section 633.673. A related statute, section 633.551(5), provides:

> Except as otherwise provided in sections 633.672 and 633.673, in proceedings to establish a guardianship or conservatorship, the costs . . . shall be assessed against the respondent or the respondent's estate unless the proceeding is dismissed either voluntarily or involuntarily, in which case fees and costs may be assessed against the petitioner for good cause shown.

Thus, section 633.551(5) denotes a legislative intent that a guardian's fees for court costs, awardable by section that 633.673, also include those incurred "in proceedings to establish a guardianship." Both statutes require that the costs be paid by the ward or ward's estate. Section 633.673's indigency exception is incorporated by reference into section 633.551(5). When read together, the statutes allow the guardian to be awarded fees for court costs incurred in proceedings to establish a guardianship. Thus, we find no legal error in the court's award of fees incurred prior to Losh's appointment as guardian.

Finally, the appellants argue Losh should be estopped from claiming fees. While the appellants passively suggested in their resistance to Losh's motion for fees, that "Losh has waived her right to fees under theories of equitable estoppel and estoppel by acquiescence," there is nothing in the record indicating the court considered the argument, as it merely concluded "the fees are reasonable." The argument was therefore not preserved for our review. *See Meier*, 641 N.W.2d at 537; *see also Stammeyer v. Div. of Narcotics Enforcement*, 721 N.W.2d 541, 548 (Iowa 2006) (finding an argument not preserved for appeal when there was "nothing indicating the court ruled upon or even considered" it). The proper procedure to preserve error was to file a motion raising the court's failure to decide the issue. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012).

We affirm the award of guardian fees in favor of Losh.[2]

**AFFIRMED.**

---

[2] While we do not normally consider issues raised for the first time in a reply brief, because the arguments made in the appellants' reply brief are responsive to Losh's brief, we have considered them, and we reject them. We deny the appellants' request for attorney fees on appeal.