**IN THE COURT OF APPEALS OF IOWA**

No. 20-0664
Filed June 17, 2020

**IN THE INTEREST OF M.E.,**
**Minor Child,**

**J.M., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.


        The father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Marshall W. Orsini of Law Offices of Marshall W. Orsini, PLC, Des Moines,

for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor child.


        Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**POTTERFIELD, Senior Judge.**

The father appeals the termination of his parental rights to his child, M.E., born in 2016.[1] He challenges the statutory ground for termination pursuant to Iowa Code section 232.116(1)(b) (2019). Additionally, as an incarcerated parent who was unable to participate by telephone on the first day of the termination hearing, the father challenges the process that was afforded him regarding the day he was unable to participate.

We review termination proceedings de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). "Constitutional claims, such as the deprivation of due process, are also reviewed de novo." *Id.*

**Statutory Grounds.** The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b) and (h). On appeal, the father challenges the sufficiency of the evidence to support termination only under paragraph (b). The father does not challenge the ground to support termination under paragraph (h). Therefore, we affirm under that ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

**Due Process.**[2] The father was incarcerated out of state in federal prison throughout the child-in-need-of-assistance (CINA) and termination proceedings—

---

[1] The mother's parental rights were also terminated. She filed a notice of appeal and a petition on appeal, but our supreme court ruled her petition on appeal was untimely filed and dismissed her case before transferring the father's appeal to us.
[2] The father does not explicitly characterize his argument as one involving his due process rights. However, he cites to *M.D.*, in which our supreme court considered

at the time of M.E.'s removal from his mother's care in May 2018 through the final date of the termination hearing in January 2020.

The termination hearing took place over three dates, October 22 and November 13, 2019, and January 27, 2020. It was expected the father would participate by telephone on the first day of the termination hearing. However, when the court tried to reach the father on the telephone, the parties and the court were informed that the facility at which he was imprisoned was on lockdown and the father would not be allowed to participate. The father's attorney, who was present in the courtroom, moved for a continuance based on the father's unavailability. The court denied the motion, and the first day of the termination hearing proceeded without the father.[3]

On November 8, the father's attorney filed an application for transcripts of the first day of the hearing at the State's expense so the father could be informed what took place while he was unable to participate. The juvenile court granted the application the same day.

At the second day of the termination hearing, on November 13, the father participated by telephone. On this day of the hearing, the social worker for the family testified and the father was called to testify by the State. The father was unable to complete his testimony due to time restrictions, and a third day of the hearing was eventually scheduled.

---

whether a parent's due process rights were violated when they were only allowed to testify—but not otherwise participate—in a termination hearing. 921 N.W.2d at 234–36. As in *M.D.,* the briefing here is not perfect, but we understand the father's claim to be one involving his due process rights and treat it as such. *Id.* at 232 n.2.

[3] The father does not challenge the court's ruling denying his motion to continue.

The third and final day of the termination hearing took placed on January 27, 2020, and the father again participated by telephone, completing his testimony.

On appeal, the father challenges the process that was afforded him regarding the first day of the termination hearing, when he was unable to participate. Specifically, he contends

> that the court should have ordered these [transcripts] to be available and prov[ided] to the father immediately following the hearing, in order to be in compliance with the applicable case law. Time is of the essence, and he did not receive [t]he transcripts before the next hearing, when his testimony beg[a]n.

Parents must be allowed to fully participate in a termination hearing. *M.D.*, 921 N.W.2d at 236 ("[J]uvenile courts in this state must give incarcerated parents the opportunity to participate from the prison facility in the entire termination hearing by telephone or other similar means of communication that enables the parent to hear the testimony and arguments at the hearing."). But we recognize that the juvenile court does not have total control over whether an incarcerated parent is allowed to do so. *See id.* ("We, of course, recognize that circumstances may arise that will challenge the juvenile court's ability to enable a parent to participate in the entire hearing, such as restrictions imposed by prison officials limiting the ability of the incarcerated parent to be available for the entire hearing."). When an incarcerated parent is prevented from participating in a hearing, "the juvenile court shall provide an alternative process that allows the parent to review a transcript of the evidence offered at the hearing." *Id.* "In this instance, the court must direct an expedited transcript of those portions of the hearing that were closed to the parent be prepared and given to the parent to review prior to testifying by telephone, along with all exhibits admitted into evidence." *Id.*

Here, it was the request of the father's attorney rather than the court that initiated the ordering of a transcript of the first day of the hearing, and an expedited transcript was not ordered. The father's statement in his petition on appeal that "he did not receive [t]he transcripts before the next hearing, when his testimony beg[a]n" seems to allege that he received the transcript sometime between the second and third day of the termination hearing. But the record before us is silent as to when the transcript was completed and provided to the father. *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court cases from which the appeal is taken, the transcript of the proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal.").

We acknowledge that the requirements listed in *M.D.* were not followed to the letter. But when the father asked for it, a transcript of the first day of the hearing was ordered for him. Two more days of hearings took place, and he took part in both. The father did not object or move to continue either the second or third day of the hearing on the ground that he had not yet received or reviewed the transcript. And, as we stated, our record is silent as to when the father received the transcript.

We cannot find a due process violation of the father's rights here. Our record is silent as to facts underlying the complaint the father now makes. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) ("It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon.). And the father never raised this issue with the district court. *See A.B.*, 815 N.W.2d at 773 ("[T]he general rule that appellate arguments must first be raised in the trial court

applies to CINA and termination of parental rights cases.").  We therefore affirm the termination of the father's parental rights.

**AFFIRMED.**