# IN THE COURT OF APPEALS OF IOWA

No. 20-1392
Filed September 22, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**HAYES EDWARD WILLIAM KERN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Jeffrey L. Harris (plea and sentencing) and William Patrick Wegman (restitution), District Associate Judges.

Hayes Kern appeals his conviction, following a guilty plea, of operating while intoxicated. **APPEAL DISMISSED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum (until withdrawal) and Kevin Cmelik, Assistant Attorneys General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Hayes Kern appeals his conviction, following a guilty plea, of operating while intoxicated. He first argues Iowa Code sections 814.6(1)(a)(3) and 814.7 (2020) do not prohibit him from appealing because the statutes are unconstitutional as in violation of due process, equal protection, and separation of powers, and his right to effective assistance of counsel. Our supreme court recently rejected all of these arguments. *See State v. Treptow*, 960 N.W.2d 98, 103–08 (Iowa 2021).

He also argues he has good cause to appeal under Iowa Code section 814.6(1)(a)(3), "namely the inadequacy of the record that was made with regard to the entry of the guilty plea and sentencing." The plea and sentencing were not reported,[1] and he suggests "formal reporting could have clarified whether the court engaged in a formal plea colloquy with [him] or simply sentenced [him] upon [its] acceptance of [his] entry of a guilty plea based solely upon the untitled written guilty plea document." As the appellant, it was Kern's duty to provide us with a record adequate for us to decide the appeal, and it would be improvident for us to speculate what happened, so we decline to do so. *See In re F.W.S.*, 698 N.W.2d 134, 135–36 (Iowa 2005). Furthermore, in his written guilty plea, Kern waived his right to be "personally present for purposes of entering this guilty plea," stated "I waive my right to be present in court for purposes of sentencing," and waived his right to allocution. On this record, Kern is unable to establish good cause.

---

[1] Formal reporting of the hearing was waived by the parties.

Kern's appellate counsel argues section 814.6A is unconstitutional and should therefore not preclude Kern's ability to file pro se briefs in this appeal. Kern has not filed any pro se briefs, so this is a non-issue.

Next, Kern argues the district court erred by failing to advise him of his obligation to file a motion in arrest of judgment to challenge his plea on appeal. Again, we have no transcript for the plea and sentencing, so we will not speculate as to what might have happened. *F.W.S.*, 698 N.W.2d at 135–36. He goes onto argue his guilty plea is invalid because the court might not have advised him of various rights he was giving up by pleading guilty. The lack of a transcript is also fatal to this claim. *Id.* Furthermore, the written guilty plea in fact recites various rights Kern acknowledged and stated he had discussed with his attorney his right to file a motion in arrest of judgment and specified the time frames for such a motion. We find no good cause on these issues either.

Next, Kern argues the court erred "by ordering restitution prior to conducting a hearing on [his] reasonable ability to pay." He complains the court "ordered" he pay $50 per month as the plan of payment. We read the order differently. That $50 per month obligation related to the already-imposed fine and surcharge, category "A" restitution. Iowa Code § 910.1(1). Those items are not subject to an offender's reasonable ability to pay. *Id.* § 910.2(1)(a)(1). The court set a hearing on Kern's reasonable ability to pay restitution to be held in one month. Thereafter, the department of corrections would establish a plan of payment. We find no merit or good cause in this complaint. Next, Kern argues the court violated his rights by not making an "explicit finding regarding [his] reasonable ability to pay." In his written guilty plea, Kern agreed to pay court costs and attorney fees, which are

category "B" restitution.[2]  In the sentencing order, the court set a hearing on Kern's reasonable ability to pay and directed Kern to file a financial affidavit.  Kern did not file an affidavit or appear at the hearing.  Defendants are now presumed to have the reasonable ability to pay category "B" restitution.  *Id.* § 910.2A(1).  Because he did not file an affidavit or appear, he failed to meet his burden to show he had no reasonable ability to pay.  *Id.* § 910.2A(2)(a).  And "[f]ailure to furnish a completed financial affidavit waives any claim regarding the offender's reasonable ability to pay."[3]  *Id.* § 910.2A(2)(b).  So we find Kern has no good cause to appeal this portion of his sentence.  *Cf. Treptow*, 960 N.W.2d at 109–10 (finding no good cause to appeal because no relief could be provided because defendant waived right to file motion in arrest of judgment and no relief could be provided on appeal).[4]  To the extent Kern raises any claims of ineffective assistance of counsel, we have no authority to consider those on direct appeal.  Iowa Code § 814.7; *Treptow*, 960 N.W.2d at 109.

---

[2] It is unclear what the ultimate amount for court costs was, but the aggregate amount shortly before the restitution hearing was $160, and fees for representation by his court-appointed attorney totaled only $6.

[3] While Kern, as he points out, completed a financial affidavit early in the case in relation to qualifying for court-appointed counsel, he did not complete one for purposes of restitution.  The financial affidavit for restitution is to include

> the offender's income, physical and mental health, age, education, employment, inheritance, other debts, other amounts of restitution owed, family circumstances, and any assets subject to execution, including but not limited to cash, accounts at financial institutions, stocks, bonds, and any other property which may be applied to the satisfaction of judgments.

Iowa Code § 910.1(4).  Kern's affidavit for appointment of counsel did not include all of the required information.

[4] On his restitution arguments, Kern largely relies on caselaw that was in effect prior to the 2020 amendments to chapter 910.

Finding no good cause to appeal following Kern's guilty plea, we dismiss the appeal.

**APPEAL DISMISSED.**