# IN THE COURT OF APPEALS OF IOWA

No. 22-1278
Filed October 5, 2022

**IN THE INTEREST OF K.D. and K.D.,**
**Minor Children,**

**C.H., Intervenor,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.


        This appeal arises from a post-remand order in the aftermath of a

termination-of-parental-rights ruling and a ruling denying a motion to remove a

guardian. **AFFIRMED.**


        Andrea M. Flanagan of Flanagan Law Group, PLLC, Des Moines, for

appellant Intervenor.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Paul L. White, Des Moines, attorney and guardian ad litem for minor

children.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal arises from a post-remand order in the aftermath of a termination-of-parental-rights ruling and a ruling denying a motion to remove a guardian.

The background is as follows. Parental rights to two children were terminated, and the department of health and human services was appointed as post-termination guardian of the children. The children's attorney and guardian ad litem moved to have the department removed as guardian. That motion was denied. The children's attorney and guardian ad litem and the children's step-grandmother who had been caring for them appealed the denial. *See In re K.D.*, 975 N.W.2d 310 (Iowa 2022). The supreme court reversed and remanded the case "for the juvenile court to remove [the department] as guardian and appoint a suitable new guardian upon assessing the children's best interests." *Id.* at 325. On remand, the court appointed the children's foster parents as their guardians. The step-grandmother appealed.

The step-grandmother disagrees with eight findings or conclusions contained in the remand order. Seven of them require examination of the hearing transcript. Because a transcript was not ordered, we cannot review those findings. *See* Iowa R. App. P. 6.803(1) ("Within seven days after filing the notice of appeal, the appellant must use the combined certificate to order in writing from the court reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all

evidence relevant to such finding or conclusion."); *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) ("It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon. The court may not speculate as to what took place or predicate error on such speculation." (citation omitted)).

The eighth point of contention is the court's reference to a change in "the law of who the court may appoint as guardian and custodian of the children." *Compare* Iowa Code § 232.117(3)(c) (2021) (authorizing placement of a child with a "suitable person"), *with* Iowa Code § 232.1 (2022) (authorizing "a preference for placement with the child's family or a fictive kin"), *and id.* § 232.117(3)(c) (referencing "fictive kin"). The step-grandmother contends the district court erred in applying the current law "rather than the law of the case that existed at the time a guardian was selected."

Even if we accept the step-grandmother's premise that the court should have applied the old version of section 232.117(3)(c), we agree with the State that the provision does not assist the step-grandmother because the old version did "not mandate a preference for relative placement after the termination of parental rights." *See K.D.*, 975 N.W.2d at 325. In any event, the step-grandmother does not argue her status as a relative of the children entitled her to a preference in the guardian-selection process. She does not seek a guardianship appointment with or without a preference. She simply contends reversal is required because the "deemed-negligent" department selected the foster parents who ultimately became the guardians. No authority is cited for the proposition that the supreme court's removal of the department as guardian of the children nullifies all the department's

prior actions, including its selection of the foster parents. Also absent is an attempt to confront the fact that the department did not select the successor guardian; the court did. In the absence of citation to authority, we deem the issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring "citations to the authorities relied on" and stating, "Failure to cite authority in support of an issue may be deemed waiver of that issue"); *In re D.M.*, 965 N.W.2d 475, 480 n.2 (Iowa 2021) (letting court of appeals decision stand on waiver for failure to cite authority).

We affirm the court's remand order appointing the foster parents as guardians of the children.

**AFFIRMED.**