# IN THE COURT OF APPEALS OF IOWA

No. 23-0604
Filed July 13, 2023

IN THE INTEREST OF C.M.,
Minor Child,

J.M., Father,
    Appellant.
_____

Appeal from the Iowa District Court for Carroll County, Joseph B. McCarville, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Kelsea M. Hawley of Minnich, Comito & Neu, P.C., Carroll, for appellant father.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Melissa C. Lewis of M C Lewis Law Office, P.C., Bayard, attorney and guardian ad litem for minor child.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Three years after the child came to the attention of the Iowa Department of Health and Human Services, the juvenile court terminated the father's parental rights.[1]  On appeal, the father challenges the denial of his motion to continue the termination hearing.  He also contests the evidence showing the grounds for termination and the finding that termination is in the child's best interest.  After a de novo review of the record, *see In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020), we affirm.

The family came to the attention of the Iowa Department of Health and Human Services in March 2020 based on concerns about the mother's and father's methamphetamine use.  A child abuse assessment found the mother and her boyfriend used methamphetamine while caring for the child.  Although the father's behavior raised suspicion that he used methamphetamine, the department could not confirm it.  Based on the risk of harm the child faced, the juvenile court adjudicated him a child in need of assistance (CINA) in September 2020.  The court removed the child from the parents' custody in July 2021, and the department placed the child in family foster care.

Throughout the proceedings, the father failed to participate in services offered to reunite him with the child.  Of the twenty-seven times the department asked the father to provide a sample for drug testing, he complied only once.[2]  That test, in June 2022, was positive for methamphetamine.  The father waited until

---

[1] The juvenile court also terminated the mother's parental rights with her consent.
[2] The father showed for a test in December 2020 but was caught sneaking urine into the testing facility.

January 2023 to get a substance-abuse evaluation, which was based on the father's statements. He denied any current or past substance use, so no treatment was recommended. But the father submitted to drug testing as a condition of his probation, and that testing showed methamphetamine use.[3]

In October 2022, the State petitioned to terminate parental rights. The termination hearing was held in March 2023. The father did not attend the hearing in person, claiming he was sick. He did call into the hearing by phone but did not participate during the hearing because he claims he was throwing up in the bathroom the entire time. After the hearing, the juvenile court entered its order terminating the father's parental rights under Iowa Code section 232.116(1)(e) and (f) (2022).

The father first contends the juvenile court abused its discretion by denying a continuance of the termination hearing due to his illness. He states that his attorney made an oral motion to continue at the hearing. But the transcript does not disclose the motion or a ruling on it. Although Iowa Rule of Appellate Procedure 6.806 provides a procedure to complete the record on appeal when no transcript is available, the father did not avail himself of this remedy. It is the father's duty to provide a record on appeal showing the alleged error he relies on. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). "Without the benefit of a full record of the lower courts' proceedings, it is improvident for us to exercise appellate review." *Id.* at 135–36. We affirm on this issue.

---

[3] The father last tested positive just two weeks before the termination hearing.

We next turn to the father's challenge of the grounds for termination. Because the juvenile court terminated his parental rights on two grounds, we may affirm if sufficient evidence supports either ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We confine our analysis to section 232.116(1)(f).

Before terminating parental rights to a child under section 232.116(1)(f), the juvenile court must find:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father challenges the evidence showing his child cannot be returned to him at the time of the termination hearing without facing risk of harm sufficient for a CINA adjudication. *See* Iowa Code § 232.102(8) (stating that the court can return a child to the home if a preponderance of the evidence shows the child will not suffer harm that would lead to a CINA adjudication); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" to mean at the time of the termination hearing).

Ample evidence supports the finding that returning the child to the father's care at the time of the termination hearing would expose the child to the type of harm that would justify a CINA adjudication. Despite his denials, the record shows the father is using methamphetamine. He took no steps to address his substance abuse or show he can maintain sobriety. Because the father's methamphetamine

use is ongoing, placing the child in his custody would expose the child to type of harm justifying a CINA adjudication. *See, e.g.*, *State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) ("No parent should leave . . . small children in the care of a meth addict—the hazards are too great.").

The father also contends termination of his parental rights is not in the child's best interest. We determine best interests using the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence shows that terminating the father's parental rights is in the child's best interest. The father cannot resume custody of the child. Considering the father's inaction in the three years that passed since the child came to the department's attention, it is unlikely he will ever be able to resume custody of the child. We will not deprive the children of permanency by hoping that the mother and father will someday learn how to parent and provide the children with a stable home. *See In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016).

The father claims he has a significant bond with the child, but the record shows otherwise. The child did not ask about visiting the father and did not want to talk to him during Christmas or when sick with the flu. For a November 2022

school assignment, the child named his foster care parents as his parents, not the mother and father.

The child needs a safe, stable, consistent, and permanent home, which the father cannot provide. The foster parents can and have done so for almost two years. The child likes his foster parents and feels safe with them. The foster parents are open to adopting the child, and the child wants to be adopted by them. Terminating the father's parental rights to allow the child's adoption is in the child's best interest.

Because the State proved the grounds for termination under Iowa Code section 232.116(1)(f) and termination is in the child's best interest, we affirm.

**AFFIRMED.**