# IN THE COURT OF APPEALS OF IOWA

No. 22-1459
Filed January 24, 2024

**DOUBLE K TILING, LLC,**
      Plaintiff-Appellee,

**vs.**

**BILLY REILLY VEACH,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jackson County, John D. Telleen (summary judgment) and Stuart P. Werling (trial), Judges.

A civil defendant appeals from adverse summary-judgment and breach-of-contract rulings. **AFFIRMED.**

McKenzie R. Blau and Alex L. Hofer of O'Connor & Thomas, P.C., Dubuque, for appellant.

D. Flint Drake and Samuel M. DeGree of Drake Law Firm, P.C., Dubuque, for appellee.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Billy Veach appeals from the district court's denial of his motion for summary judgment and bench verdict in favor of Double K Tiling, LLC (Double K) on a breach-of-contract claim. We affirm, finding Veach waived his summary-judgment claim when he failed to order the necessary transcript and substantial evidence supports the breach-of-contract verdict.

## I. Background Facts and Proceedings

Veach, a tenant farmer in northeast Iowa, hired Double K to install drainage tiles on two tracts of land. Veach met with Keith Koppes, the owner of Double K, to discuss the project in the context of a National Resources Conservation Service (NRCS) reimbursement plan.

The parties dispute the scope of agreed-upon tiling work. There was no written agreement between the parties, which Koppes and an expert witnesses testified was typical in this industry. But there were verbal discussions. During the multi-week construction project, Koppes invited Veach to inspect the work while it was underway and immediately after completion. Veach declined those opportunities.

Koppes testified he gave Veach a detailed explanation of the tiling he planned to construct and informed Veach work beyond the "minimal" amount covered by the NRCS reimbursement was necessary. Koppes explained farmers "usually" hired him to tile beyond what NRCS reimburses on these projects because the reimbursement covers only one side of the waterway and both sides should be tiled. Koppes said he wouldn't take a job to do only the minimal work reimbursed by NRCS, as it would cost him more to transport his earth-moving

equipment than he would make on the project—in other words, he would lose money. He also testified he obtained Veach's oral approval or direction for each installation, including tiling on both sides of the waterways.

The total bill for the tiling project was $52,377.65. An expert witness testified the work done was appropriate, reasonable, consistent with best practices, and completed in a workmanlike manner. According to Koppes, and corroborated by combine data and expert testimony, Veach reaped the benefit of improved crop yields for each harvest after the tiling was installed.

Veach, for his part, denied agreeing to any tiling significantly beyond the NRCS reimbursement. He anticipated a total bill of around $12,000, and he expected nearly all of that to be reimbursed by NRCS. And he testified that, because he is a short-term tenant of the land where the tiling was done, it wouldn't make sense for him to agree to $52,000 in construction costs on land he doesn't own. Koppes's expert partially rebutted this claim, explaining it was increasingly common for tenants to pay for improvements. Before he refused to pay Koppes the invoiced amount, Veach text-messaged Koppes that people had contacted him and complimented the quality of Koppes's tiling work.

Before the action that led to this appeal, Koppes tried to foreclose mechanic's liens on the properties at issue. The district court dismissed Koppes's foreclosure petition because the contract was entered into with Veach instead of the property owners, and by statute the lien required a contract with the owner.

A month later, Koppes sued Veach for breach of contract and unjust enrichment. Before trial, Veach moved for summary judgment, arguing Double K's breach-of-contract claim was precluded because it was not filed in the same action

as the mechanic's lien foreclosure. Double K resisted, arguing it was not required to bring its breach claim in the mechanic's-lien case. A reported hearing was held on the motion, but Veach did not order that transcript in his combined certificate, so it is not part of our record on appeal. A one-sentence written order entered after the hearing indicates, "For the reasons stated on the record and further set forth in Plaintiff's Resistance, Defendant's Motion for Summary judgment is denied." The supreme court denied an interlocutory appeal of this order, and the matter proceeded to bench trial.

During a litigation-related inspection, Koppes's expert examined the work completed, refuting some of Veach's allegations about the pricing, location, quality, and amount of tiling laid by Double K.

At trial, the district court found "the testimony of Koppes and Veach cannot be reconciled" and both parties' arguments were "internally logical." In resolving the conflicting evidence, the district court expressly found "Koppes's testimony to be believable and Veach's to not be trustworthy." The district court found Veach liable for breach of contract in the amount of $52,377.65. Veach appeals.

## II.    Waiver

Before proceeding to the merits, we consider whether Veach's failure to order the transcript of the summary-judgment hearing precludes appellate review. "It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon," and our court "may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). "Without the benefit of a full record of the lower courts' proceedings, it is improvident for us to exercise appellate review." *Id.* at 135–36.

The written ruling explained the motion for summary judgment was denied "[f]or the reasons stated on the record and further set forth in Plaintiff's Resistance." This ruling communicates that the district court's rationale was captured in the record through an oral ruling, and some—but not all—of the court's rationale could be found in Double K's resistance to summary judgment. Consistent with supreme court precedent, we summarily affirm the summary-judgment ruling based on the lack of transcript. *Id.*; *accord Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 4 (Iowa 2005) (summarily affirming the district court when appellant "fail[ed] to provide this court with a record that would permit an informed consideration of the issue presented").

### III. Standard of Review

We review breach-of-contract claims for correction of errors at law. *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 465 (Iowa 2010). If substantial evidence in the record supports the district court's findings of fact, we are bound by those findings. *Id.*

### IV. Discussion

Veach's two claims on appeal are that summary judgment should have been granted in light of the previous mechanic's-lien litigation and that sufficient evidence does not support the breach-of-contract finding. Because we found Veach failed to provide an adequate record to review the district court's summary-judgment ruling dismissing his preclusion assertions, we only address the breach-of-contract verdict.

> In a breach-of-contract claim, the complaining party must prove: (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions

required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998). In his challenge to the bench verdict, Veach directs his argument toward whether there was a contract for Double K to do work beyond what NRCS would reimburse, which we understand as a challenge to the first and second elements.

The district court's credibility analysis controls resolution of this issue. Koppes testified there was an agreement to do all the work completed, while Veach denied this. The district court, in its advantaged position to assess credibility, found "Koppes's testimony to be believable and Veach's to not be trustworthy." Veach does little more than urge us to weigh the evidence differently than the district court and believe him instead of Koppes. But "[o]ur task [on appeal] is not to weigh the evidence or the credibility of the witnesses." *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996). We conclude substantial evidence supports the district court ruling in light of its credibility determinations.

## V. Disposition

We summarily affirm the denial of Veach's motion for summary judgment and affirm the verdict in favor of Double K.

**AFFIRMED.**